UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWANT SABHARWAL, | No.  2:13-cv-1156 LKK CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WORKER'S COMPENSATION APPEALS BOARD, et al., | |
| Defendants. | |

By order filed June 13, 2013, plaintiff was ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff has filed a response to the order to show cause.[1]

As noted in the order to show cause, the complaint does not allege a basis for subject matter jurisdiction in this court.  Plaintiff's response to the order to show cause demonstrates that plaintiff is seeking review of a state court decision.  A federal district court does not have jurisdiction to review errors in state court decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415

---

[1] A day after plaintiff filed his response, defendant Blue Diamond Growers filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 5.  Because plaintiff's response to the order to show cause demonstrates that this court lacks subject matter jurisdiction, the court will not reach the merits of defendant's arguments under Rule 12(b)(6).

1

(1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman).  Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

Plaintiff here seeks review of a decision by the Worker's Compensation Appeals Board ("WCAB").  ECF No. 5-3, Exh. B.[2]  Plaintiff sought reconsideration of that decision and filed a petition for Writ of Review with the Third District Court of Appeal.  ECF No. 5-3, Exh. E.  The Third District denied the Petition for Review.  ECF No. 5-3, Exh. J.  Plaintiff seeks to overturn the state court decision, contending that there is insufficient evidence to sustain the decision.  As such, this court lacks subject matter jurisdiction.

Accordingly, IT IS HEREBY ORDERED that the hearing date of August 14, 2013 on defendant's motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 5) be granted; and

2. This action be dismissed for lack of subject matter jurisdiction.

/////

---

[2]  The court takes judicial notice of the proceedings before the Worker's Compensation Appeals Board and the state court.

1  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 16, 2013

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 sabharwal1156.nosmj